| | DATE FILED: August 4, 2021 2:47 PM<br>FILING ID: 245BBA151D7DC<br>CASE NUMBER: 2021CV31217 |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO, COLORADO<br>270 S. Tejon St., Colorado Springs, Colorado 80903 | |
| **Plaintiff:** THE COLORADO SPRINGS SCHOOL<br><br>v.<br><br>**Defendant:** AMERICAN ALTERNATIVE INSURANCE CORPORATION | ▢ COURT USE ONLY ▢ |
| **Attorneys for Plaintiff:**<br><br>Robert D. Green, #46875<br>ROBERT D. GREEN & ASSOCIATES, P.C.<br>D/B/A GREEN KLEIN & WOOD<br>440 Louisiana Street, Suite 1900<br>Houston, TX 77002<br>Phone Number: 713-654-9222<br>Fax Number: 713-654-2155<br>Email: green@greentriallaw.com | **Case Number:**<br><br>**Div:** |
| **ORIGINAL COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, The Colorado Springs School, by and through its attorney, Robert D. Green & Associates, P.C. d/b/a Green Klein & Wood, and submits its Original Complaint and Jury Demand against Defendant, American Alternative Insurance Corporation, and in support of this Complaint, states as follows:

## I.
## VENUE AND JURISDICTION

1. Venue is proper in Colorado Springs, Colorado pursuant to C.R.C.P. 98(c). because this action affects Plaintiff's real property located in El Paso County, Colorado, because Plaintiff

**EXHIBIT**

**A-1**

The Colorado Springs School is domiciled in El Paso County, Colorado and because the acts and omissions giving rise to this lawsuit occurred in El Paso County, Colorado.

2. This Court has jurisdiction pursuant to the Colorado Constitution. Art. VI. § 9.

3. All of the acts described in this Complaint occurred in the State of Colorado under Colorado law, and involve an insurance policy governed by Colorado law.

## II.
## PARTIES

4. Plaintiff The Colorado Springs School ("CSC") is a nonprofit corporation with its principal office in Colorado Springs, Colorado.

5. Defendant American Alternative Insurance Corporation ("Defendant" and/or "AAIC") is an insurance company domiciled in Delaware, licensed and authorized to conduct the business of insurance within the State of Colorado. Defendant may be served with process by serving its registered agent: Registered Agent Solutions, Inc. at 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

## III.
## NOTICE AND CONDITIONS PRECEDENT

6. Plaintiff has provided Defendant with prompt and timely notice of the loss and damages pertaining to the claims stated herein.

7. All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

8. Any failures that may have occurred on behalf of the Plaintiff have not prejudiced the Defendant in this case.

## IV.
## FACTUAL ALLEGATIONS

9. This is an insurance case arising from AAIC's refusing to provide full benefits to Plaintiff based on AAIC's wrongful investigation. Plaintiff's claims are brought under Colorado law.

10. Plaintiff brings this action seeking economic and non-economic damages related to Defendant's breach of contract, and statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, arising from Defendant's failure to properly handle Plaintiff's property damage insurance claim, and Defendant's unreasonable delay and failure to pay in full covered benefits due and owing to Plaintiff under the insurance policy.

11. All of the acts described in this Complaint occurred in the State of Colorado under Colorado law, and involve an insurance policy governed by Colorado law.

12. Plaintiff sought and obtained an insurance policy, Policy Number GPPA-PF-6056553-00/000 (the "Policy") for Plaintiff's property located at 21 Broadmoor Ave., Colorado Springs, CO 80906 (the "Property"). The Policy period was from July 1, 2018 to July 1, 2019. Plaintiff invested in this insurance product and service from Defendant from coverage intended to protect the Property from certain property and casualty perils.

13. Plaintiff purchased coverage benefits from AAIC by making premium payments under the Policy.

14. In exchange for the premiums paid by Plaintiff, AAIC promised to perform according to the terms and provisions of the Policy.

15. Under the Policy, AAIC agreed to pay for direct physical loss or damage to the Property caused by risks of direct physical loss or damage unless otherwise limited or excluded and to pay all amounts owed for such losses.

16. The Property is operating as a private, nonprofit, college-preparatory, day, and international school serving students from preschool through high school. The Property consists of approximately nine primary structures. The buildings themselves have been well-kept and are made of high-quality historic stone and other materials.

17. On or about August 6, 2018, during the Policy period, a severe wind and/or hailstorm (the "Storm") caused significant damage to the Property. Such damage constituted a covered loss under the Policy.

18. Once the damages became known, Plaintiff timely made a claim for damages caused by the Storm with Defendant in accordance with the Policy. Claim number COPF18080242 was assigned to the Claim (the "Claim").

19. Rather than properly investigating, adjusting, and paying for the covered losses at the Property pursuant to the terms of the Policy, AAIC unreasonably delayed and denied full payment of covered policy benefits.

20. On September 25, 2018, AAIC issued its first partial denial letter Specifically, AAIC overlooked numerous areas of covered losses, as evident through its estimates, which led to the gross undervaluation and underpayment of the Claim.

21. AAIC had proof that the Claim significantly exceeded the amount it offered to settle the claim. Despite receiving information establishing that AAIC unreasonably denied the

Claim, AAIC refused to tender the fair and reasonable value of the Claim as owed under the Policy and delayed full resolution of the claim.

22. It wasn't until the amounts were disputed that AAIC revised its estimates numerous times and made numerous supplemental payments on the claim, albeit still grossly undervalued.

23. As a result of AAIC's acts and omissions, through its breach of contract, and misrepresentations of the covered losses and Policy terms, Plaintiff was compelled to retain a Public Adjusting firm to assist them in pursuit of their Claim. Consequently, Plaintiff was forced to relinquish a portion of any payment made on the Claim for the services provided by the Public Adjusting firm.

24. Plaintiff's Public Adjuster inspected the Property and noted numerous areas of storm-caused damages that were omitted from AAIC's prior investigation and estimate. The Public Adjuster presented this estimate to Defendant AAIC.

25. Despite receiving this information about the Claim, Defendant AAIC continued to undervalue the Claim relying on prior misrepresentations about the damages.

26. Instead of paying the full amount of the claim, AAIC simply issued multiple supplemental payments that only accounted for a fraction of the total amount of covered losses. These payments were prompted by Plaintiff's numerous and valid disputes as to AAIC's valuation. These supplemental payments continuously failed to cover the full extent of losses and Plaintiff.

27. AAIC's delay by continuously underpaying and undervaluing the claim was performed with the intention to exhaust Plaintiff of its resources in hopes that Plaintiff would stop disputing the amounts as determined by AAIC.

28. These supplemental payments by AAIC are evidence of its initial improper investigation and valuation of the claim. AAIC's acts and inactions also demonstrate its pre-determined approach towards the handling of the claim, which was designed to undervalue the covered losses.

29. Further, AAIC's supplemental payments, which were made after Plaintiff was forced to engage the services of a Public Adjusting firm, is a reflection of AAIC's outcome-oriented approach throughout the handling of the Claim. AAIC intentionally undervalued the Claim and engaged in intentional delay tactics designed, as evident by AAIC's delayed staggered payments on the Claim.

30. These damages were, or should have been, known to AAIC from the outset of its investigation but were intentionally ignored to avoid full payment as owed under the Policy.

31. Each of the Defendant's acts and omissions described herein, together and singularly, were done intentionally, knowingly, maliciously, and fraudulently, and acted to further its own economic interest at the Plaintiff's expense.

32. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to make full payment for the covered damages as owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. All conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.

33. Defendant engaged in intentional misconduct and improper delay tactics in the investigation of the Claim, compelling Plaintiff to retain the services of a public adjuster and then undersigned counsel, and incur additional expense and damages in order to recover the full amount

of damages under the Policy, despite the damages being evident to Defendant from the outset of its investigation.

34. Defendant's conduct described above was willful and wanton and done heedlessly and recklessly without regard to the consequences of Plaintiff.

35. Defendant knew or should have known that its actions as described above were unreasonable. Defendant acted unreasonable and with knowledge of or reckless disregard to its unreasonableness, and caused damages which result from its bad faith.

36. Further, Defendant failed to conduct a reasonable investigation of Plaintiff's claim. Defendant's conduct constitutes a breach of the insurance contract and violates Colorado law designed to protect insurance consumers such as Plaintiff.

## V.
## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

37. Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

38. As set forth above, Plaintiff and Defendant entered into a valid, binding and enforceable contract for insurance which covered the losses alleged herein.

39. Defendant's underpayment of Policy of benefits constituted a wrongful failure to pay Plaintiff for the full covered loss under the Policy and constituted a breach of the insurance contract.

40. Plaintiff fully complied with all the provisions of the contract, including without limitation, paying premiums in a timely fashion and complying with all provisions governing claim and loss.

41. Defendant's underpayment of Plaintiff's claim constitutes a breach of the insurance contract and is a breach of Plaintiff's reasonable expectations concerning the coverage it would receive under the Policy.

42. Defendant's refusal to properly adjust the loss constitutes a breach of the insurance contract and is a breach of Plaintiff's reasonable expectations concerning the coverage it would receive under the Policy.

43. Defendant's failure to conduct a reasonable investigation constitutes a breach of the insurance contract.

44. Defendant's failure to pay all covered policy benefits constitutes a breach of the insurance contract.

45. By failing to honor the promises made to Plaintiff in the insurance policy, Defendant has breached its contract with Plaintiff.

46. Defendant's breach of the insurance contract was and is the direct cause of damage to Plaintiff, including, without limitation: (1) loss of Policy benefits owed to indemnify Plaintiff for the entire loss; (2) costs to repair, restore, and/or replace the significant damage to Plaintiff's Property, and future costs to remediate such damage; (3) incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or (4) other expenses incurred as a result of Defendant's breach of its contractual obligations, including costs and fees.

47. As a result of Defendant's breach of contract and refusal to honor the terms of the Policy, Plaintiff has suffered and continue to suffer damages. Therefore, Plaintiff is entitled to judgment in its favor and against Defendant, on its First Claim for Relief for compensatory damages for its losses, including prejudgment interest, and other costs.

## VI.
## SECOND CLAIM FOR RELIEF
### (Unreasonable Delay and Denial of Payment of Covered Benefits)
### C.R.S. §§ 10-3-1115 and -1116

48.     Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

49.     Plaintiff incurred a covered loss under the Policy and subsequently submitted a claim for that loss to Defendant.

50.     The damages sustained to Plaintiff's Property is covered by the Policy and Plaintiff is owed covered benefits under the Policy.

51.     Under C.R.S. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

52.     Defendant delayed and denied payment of covered benefits without a reasonable basis for its action.

53.     In breach of its duty to Plaintiff, Defendant, without a reasonable basis, delayed and denied benefits owed to Plaintiff by engaging in the following conduct: (1) refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises; (2) mispresenting pertinent facts and policy provisions related to coverage at issued by adopting inconsistent and baseless coverage positions; (3) failing to conduct a fair, timely, and thorough investigation of Plaintiff's claim; (4) conducting a biased and outcome-oriented investigation; (5) denying coverage based on incorrect facts and unsubstantiated speculation; (6) refusing to reconsider its coverage position and make full payment on the Claim, even when facts that undermined the basis of its partial denial became evident; and (7) paying less than the full amount

9

owed in the claim thereby forcing the insured to engage the services of a Public Adjusting firm, institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

54.     As a direct and proximate result of Defendant's actions, Plaintiff has: (1) not received all Policy benefits owed to indemnify it for the entire loss in a timely manner pursuant to Colorado law; (2) incurred and will incur in the future costs to repair, restore and/or replace the significant property damage; (3) suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and (4) suffered and will continue to suffer other expenses incurred as a result of Defendant's unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary incurred for litigation.

55.     C.R.S. §10-3-1116 authorizes a first-party claimant, such as Plaintiff, whose claim for payment of benefits has been unreasonable delayed or denied to bring an action in district court to recover reasonable attorney fees, court costs and two times the covered benefit.

56.     Defendant has unreasonably denied or delayed payment to Plaintiff in violation of C.R.S. §10-3-1115

57.     Therefore, Plaintiff is entitled to judgment in its favor and against Defendant on its Second Claim for Relief as authorized by applicable and entitled to two times the covered benefits, attorneys' fees, and costs pursuant to C.R.S. §10-3-1116, together with pre-judgment interest.

## VII.
## PRAYER

WHEREFORE, Plaintiff, prays as follows:

58. On Plaintiff's First Claim for Relief, for judgment in their favor and against Defendant for all unpaid covered benefits due under the Policy;

59. On Plaintiff's Second Claim for Relief, for judgment in their favor and against Defendant for two times the amount of all covered benefits owed under the Policy;

60. Costs, expert witness fees, and attorneys' fees incurred in prosecuting Plaintiff's claim against Defendant.

61. Costs and expenses incurred in retaining a Public Adjuster as a direct and foreseeable result of Defendant's acts and omissions in the investigation of Plaintiff's claim.

62. Other damages resulting from Defendant's bad faith including out-of-pocket expenses, costs of ongoing and exacerbated damages resulting from Defendant's bad faith refusal to pay the full loss and damages to Plaintiff's property.

63. Pre- and post-judgment interest; and

64. For such other and further relief as this Court may deem just, equitable, and proper.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN**

Respectfully submitted this 4th day of August, 2021.

By: */s/ Robert D. Green*
Robert D. Green, #46875
ROBERT D. GREEN & ASSOCIATES, P.C. D/B/A
GREEN KLEIN & WOOD
440 Louisiana Street, Ste. 1900
Houston, Texas 77002
(713) 654-9222
(713) 654-2155 (Fax)
green@greentriallaw.com
*Lead Counsel for Plaintiff*

Address of Plaintiff Colorado Springs School

21 Broadmoor Ave., Colorado Springs School, Colorado 80906

12